UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
: CR 07-141S
v. : CR. No.
:
DAVID CARPENTER :
:

FILED
NOV 15 2007
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, DAVID CARPENTER, have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a one-count Information which charges that defendant, as an officer, employee and agent of a financial institution, did corruptly solicit, demand, accept and agree to accept for his benefit a thing of value, intending to be influenced and rewarded in connection with the business and transaction of a financial institution, in violation of 18 U.S.C. § 215(a)(2). Defendant will plead guilty to the Information. Defendant further agrees that the time between the filing of the plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act. (18 U.S.C. § 3161).

2. Defendant further agrees, upon execution of this agreement, to cooperate with the United States as follows:

a. He will meet with government representatives as often as necessary and provide complete and truthful information to them.

b. He will appear and testify fully and truthfully in any and all legal proceedings, including, but not limited to, grand jury, trial, re-trial, and sentencing proceedings.

3. Defendant understands and agrees that any and all statements, information, and testimony he provides must at all times be complete and truthful. If, at any time, he wilfully provides any false statement, information, or testimony, he shall be subject to prosecution for doing so, including but not limited to prosecution for making a false statement, obstruction of justice, and perjury.

4. Government's Obligations. In exchange for Defendant's waiver of indictment and plea of guilty:

a. The parties agree that the value of the bribe under USSG § 2B4.1 was more than $70,000 but not more than $120,000, and therefore that the base offense level is to be increased by 8 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(E).

b. Defendant agrees to make full restitution to Bank Rhode Island in the amount of $945,605, representing the proximate loss that Bank Rhode Island incurred as a result of defendant's offense.

c. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under §3E1.1(a) of the guidelines if Defendant continues to demonstrate his acceptance of responsibility through sentencing.

d. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial. If the offense level is 16 or greater, the government will move the sentencing court for an additional decrease of 1 level, pursuant to U.S.S.G. § 3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

e. If the government, in its sole discretion, determines that Defendant has provided substantial assistance to the government in the investigation or prosecution of another person, the government will file a motion under §5K1.1 of the guidelines asking the Court to impose a sentence below the guideline sentencing range or any applicable statutory minimum sentence. Defendant understands that the decision whether to file such a motion is solely up to the United States

Attorney's Office and the decision whether, and to what extent, to grant it is solely up to the Court. The government has not made any promise or representation about what sentence it will recommend if it files such a motion or what sentence the Court will impose.

f. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

5. Defendant understands that the Guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

6. Except as expressly provided in paragraph 2 above, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guideline calculation.

7. The maximum statutory penalties for the offense to which Defendant is pleading are as follows:

a. maximum term of imprisonment of 30 years;

b. a fine of up to $1,000,000, or three times the value of the thing given, offered, promised, solicited, accepted or agreed to be accepted, whichever is greater;

c. a term of supervised release of up to 5 years; and

d. a mandatory special assessment of $100.00.

8. Defendant agrees that after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessment. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the Guidelines for Acceptance of Responsibility.

9. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

b. Defendant has the right to plead not guilty;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses the witnesses against him; and that

f. Defendant waives these trial rights if the court accepts a plea of guilty.

g. Defendant has also been advised that the government has in its possession items of physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of these items. Defendant understands that he could request

DNA testing of evidence in this case in the current proceedings. Defendant further understands that, if this court enters a judgment of conviction for the offenses to which he is about to plead guilty, Defendant could request DNA testing of evidence in this case after conviction under the conditions specified in 18 U.S.C. § 3600.

Knowing and understanding his right to request DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offenses to which he is pleading guilty.

10. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the Guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guideline determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

12. This agreement is binding on the government only if Defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of justice under §3C1.1 of the guidelines, and does not commit any new offenses and does not otherwise violate the terms of his release pending sentence. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

13. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

14. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

15. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

17. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| DAVID CARPENTER<br>Defendant | 11/9/07<br>Date |
| JEFFREY PINE, ESQ.<br>Counsel for Defendant | 11/13/07<br>Date |
| LEE H. VILKER<br>Assistant U.S. Attorney | 11/14/07<br>Date |
| STEPHEN G. DAMBRUCH<br>Criminal Chief | 11/14/2007<br>Date |